**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

| | |
|---|---|
| **DIPESH SINGLA,**<br>Plaintiff-Appellant,<br>v.<br>**THE UNIVERSITY OF CHICAGO,**<br>Defendant-Appellee. | On Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br>Dist. Case No. 1:26-cv-06156<br>Other Related Case: 1:25-cv-08098<br>Dist Court Judge: Hon. Sunil R. Harjani<br>______________________<br>**APPEAL NO**:<br>*(To be assigned by Clerk)*<br>Date Filed: 18 July 2026 |

# MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, FOR APPOINTMENT OF COUNSEL, FOR WAIVER OF PACER FEES, AND OPENING BRIEF OF APPELLANT DIPESH SINGLA

---

Appellant Dipesh Singla ("Appellant" or "Singla"), proceeding pro se, indigent, and residing outside the United States, respectfully submits this Motion for Leave to Proceed in Forma Pauperis on Appeal, Motion for Appointment of Counsel, and Opening Brief. Appellant has prepared this filing without the benefit of paid legal research platforms (LexisNexis or Westlaw), without full PACER access(despite multiple good faith requests), library, and without legal counsel. To the extent any citation, format, or procedural element is incorrect or incomplete, Appellant respectfully requests leave to amend or correct upon notice. In light of Appellant's pro se status, indigence, disability, and residence outside the United States, Appellant respectfully asks this Honorable Court to construe this filing liberally and in favor of ensuring meaningful access to justice, rather than imposing strict technical requirements that would defeat Appellant's ability to prosecute this good-faith appeal.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND FOR APPOINTMENT OF COUNSEL

COMES NOW Appellant Dipesh Singla, proceeding pro se, and respectfully moves this Honorable Court in **GOOD FAITH,** pursuant to Federal Rule of Appellate Procedure 24(a)(1), for leave to proceed on appeal in forma pauperis ("IFP"), for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and for a waiver of PACER electronic-filing and access fees. Plaintiff also incorporates these codes herein: Honest Services Fraud (18 U.S.C. § 1346), (18 U.S.C. § 201), 18 U.S.C. § 242, 28 U.S.C. §§ 351–364, 28 U.S.C. § 455, Federal Rule of Civil Procedure 60(b), and etcetra in the appeal.

In support of this Motion, Appellant states as follows:

**A. Appellant Is Indigent and Unable to Pay the Costs of Appeal**

Appellant is unemployed and has had no take-home pay since March 2025. As the district court found in its July 15, 2026 Order, Appellant's only asset is approximately $1,538.04 in a bank account, with no other assets. Appellant lists his parents as dependents and carries various debts and recurring costs of living. The district court expressly concluded that "Singla's income puts him below the HHS poverty guideline for a three-person household" and that "Singla lacks the financial resources to pay the fees and costs associated with this action." Order at 1–2 (Harjani, J., July 15, 2026). That finding is hereby incorporated by reference and is dispositive of Appellant's inability to pay the $505.00 appellate filing fee and the costs of preparing and transmitting the record on appeal.

Appellant resides outside the United States (in India), is a person with a documented disability, and has no access to subscription-based legal research platforms such as LexisNexis or Westlaw. These circumstances compound Appellant's indigence and establish that this appeal cannot be prosecuted without IFP status, appointed counsel, and access to legal research resources.

**B. The Appeal Is Taken in Good Faith**

Pursuant to Federal Rule of Appellate Procedure 24(a)(3) and 28 U.S.C. § 1915(a)(3), Appellant certifies that this appeal is taken in good faith. Appellant seeks review of the district court's July 15, 2026, Order dismissing his Complaint **with prejudice as frivolous under 28**

**U.S.C. § 1915(e)(2)(B)(i) without any hearing opportunity, or opportunity to rebut the order.** The Order rests on a complete **misapplication** of the duplicative-litigation doctrine articulated in Serlin v. Arthur Andersen & Co., 3 F.3d 221 (7th Cir. 1993), mischaracterizes, and speculate against Appellant's **good-faith protective filing** (To Toll EEOC Statue of Limitations) as an "abuse" of the judicial system, and imposes dismissal with prejudice as in fact a sanction without first affording Appellant an opportunity to be heard or to amend. Each of these errors presents non-frivolous, good-faith questions for appellate review.

**C. Appointment of Counsel Is Necessary**

This case is extraordinarily complex. It involves multiple federal statutes (Title VII, Title IX, the Americans with Disabilities Act, the Rehabilitation Act, the Equal Pay Act, GINA, 42 U.S.C. § 1983, the First and Fourteenth Amendments), parallel state-law claims, multiple defendants (the University of Chicago, its officers, departments, agents, and two unions), and a constellation of contested factual allegations spanning approximately fifteen (15) jobs and several years of alleged retaliatory conduct. Appellant is a pro se litigant of limited means, residing abroad, with a documented disability, and without access to LexisNexis, Westlaw, or comparable research tools. The complexity of the legal and factual issues far exceeds the capacity of an unrepresented, indigent litigant to present adequately. Appointment of counsel under 28 U.S.C. § 1915(e)(1) is therefore essential to a fair disposition of this appeal.

**D. Waiver of PACER Fees and Research-Platform Access**

Appellant additionally requests that this Court waive all PACER electronic-access fees for all courts in multi-district PACER access form, and otherwise all district and appellate courts, and direct that Appellant be granted no-cost access to LexisNexis and Westlaw (or equivalent e-library research platforms) to the extent permissible by law and within this Court's authority. Without such access, Appellant cannot meaningfully identify binding precedent, analyze legal authority, or prepare competent filings. The E-Government Act of 2002, 44 U.S.C. § 3516, authorizes the Judicial Conference to prescribe reasonable fees for access to electronic court records but also provides authority to grant exemptions to promote public access and avoid unreasonable burdens on indigent litigants.

**E. Affidavit of Indigency**

Appellant Dipesh Singla, being duly sworn, deposes and says:

(1) I am the Appellant in the above-captioned matter;

(2) I am currently unemployed and have had no monthly take-home pay since March 2025;

(3) my only asset is approximately $1,538.04 in a bank account;

(4) I list my parents as dependents and have various debts and recurring costs of living;

(5) by reason of my poverty, I am unable to pay the costs of this appeal or to give security therefor;

(6) I believe I am entitled to the relief sought in the Opening Brief; and

(7) the statements contained in this Motion and the accompanying Opening Brief are true and correct to the best of my knowledge, information, and belief.

WHEREFORE, Appellant respectfully prays that this Honorable Court grant leave to proceed in forma pauperis on appeal, appoint pro bono counsel, waive PACER fees, and grant such other and further relief as the Court deems just and proper.

FILED IN GOOD FAITH

Dipesh Singla

July 16 2026